**FILED**

Jeffrey A. Apperson, Clerk

SEP - 7 2006

U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO.  4:05CR-23-M**

**UNITED STATES OF AMERICA**                                **PLAINTIFF**


**VS.**


**KIMBERLY ANN BASHAM**                                **DEFENDANT**


**JURY INSTRUCTIONS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations.  A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case.  You must apply the law to those facts.  You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with her unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that she is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that she is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

2

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime she is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

3

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

4

## TESTIMONY OF DEFENDANT

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.  You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crime that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1: Knowingly Aiding or Assisting in the Escape of a Person in Federal Custody

Count 1 of the Indictment charges the Defendant, Kimberly Ann Basham, with knowingly aiding or assisting in the escape of a person in federal custody on or about May 20, 2004, in the Western District of Kentucky in violation of federal law. Title 18, United States Code, Section 752(a), makes it a crime for anyone to instigate an escape or aid someone else in escaping from the lawful custody of a Federal officer.

For you to find the Defendant guilty of this offense, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt.

**First**, that Brian Lance Hite was in Federal custody by direction of the Attorney General after having been arrested on a felony charge and escaped from custody; and

**Second**, that the Defendant, Kimberly Ann Basham, knowingly aided or assisted the escape of Brian Lance Hite from such custody.

"Custody" simply means the detention of an individual by virtue of lawful process or authority. A person may be in Federal custody even though he is being held in a state facility or by state officers, if the custody derives from Federal process or authority. A person committed to the custody of the United States Marshal is "in Federal custody by direction of the Attorney General."

To "escape" means to flee or depart from custody without lawful permission or authority.

6

## INSTRUCTION NO. 2

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of her conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.

## INSTRUCTION NO. 3

### Other Acts Of Defendant

You have heard testimony that the Defendant may have committed acts or wrongs other than the ones charged in the indictment.

If you find the Defendant did those acts or wrongs, you can consider the evidence only as it relates to the government's claim on the Defendant's intent, motive, opportunity or plan. You must not consider it for any other purpose.

Remember that the Defendant is on trial here only for the crime charged in the indictment, not for any other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 4

### Impeachment of Witness by Prior Conviction

You have heard the testimony of Brian Hite, James Brown, and Jason Norris.  You have also heard that before this trial they were convicted of a crime.  This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**INSTRUCTION NO. 5**

**Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability**

You have heard the testimony of Brian Hite. You have also heard that the government promised that it would recommend he receive a reduced sentence on his charges in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 6

### Transcriptions of Tape Recordings

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

## INSTRUCTION NO. 7

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 8

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you

14

think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may

send a note through the Marshal signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.